### CRANSTON HOWE *vs.* FRANCIS CONLEY.

An agreement, in consideration of a sum of money, " to be paid on the 1st of October," to convey a house, " to give a warranty deed of the same," " and clear the house of the tenant therein," is an agreement not only to convey the house, but also that it shall be clear of the tenant, by the 1st of October; and if the tenant unlawfully continues in possession after that day, the vendor cannot enforce specific performance of the agreement in equity.

ACTION OF CONTRACT, praying for relief in equity to compel the specific performance of the following agreement, signed by the parties:

" In consideration ·of $ 2100, to be paid on the 1st of October, I hereby agree to convey to Mr. Francis Conley, house No. 87 Broadway. I agree to give a warranty deed of the same, clear of all incumbrance, except mortgage for $ 1600, held by Mr. Cain, and clear the house of the tenant therein. He agrees to pay the above sum at the said time, and to assume the mortgage on said house held by Mr. Cain, from the 1st of October 1858."

At the hearing, it appeared that this agreement was signed on the 11th of September 1858; that there was at that time a tenant in the house; that on the 13th of September, the plaintiff applied to an attorney at law to get out the tenant; that he gave the tenant notice to quit in fourteen days, and, as he did not leave, took out, the next day but one after the notice expired, a writ returnable before the justices' court on the 9th of October; that the tenant was defaulted, and execution issued on the 14th of October, and that the house was clear of the tenant on the 20th of October; that a deed was executed by the plaintiff and his wife, and ready for the defendant on the 1st of October, but the defendant objected to pay the money until the tenant was out; and that the plaintiff, on the 20th of October, after the tenant was out, tendered the deed and possession of the premises to the defendant, who refused to receive them. There was also evidence, not material to be reported, upon the question whether the plaintiff, on the 2d of October, waived the performance of the agreement. *Shaw*, C. J. dismissed the bill, without costs, and the plaintiff appealed.

*W. Brigham*, for the plaintiff. The contract did not require the plaintiff to clear the house of the tenant by the 1st of October, but only to do it with all reasonable despatch. The agreement to take the deed and pay the money was not dependent on the clearing of the house of the tenant; but that was a distinct and independent agreement. *Couch* v. *Ingersoll*, 2 Pick. 292. *Kane* v. *Hood*, 13 Pick. 281. But if these stipulations are not independent of each other, a court of equity will not hold the plaintiff strictly to the time, if he has done all he reasonably could do, as he has in this case. 2 Story Eq. Jur. §§ 776, 777. *Harrington* v. *Wheeler*, 4 Ves. 686. *Hertford* v. *Boore*, 5 Ves. 719. *Taylor* v. *Longworth*, 14 Pet. 172. *Baldwin* v. *Salter*, 8 Paige, 473. Specific performance will be decreed when the contract is fair in all its parts, and unobjectionable, and when its performance will carry into effect the intention of the parties, and promote substantial justice. 2 Story Eq. Jur. §§ 742, 751–777. *White* v. *Damon*, 7 Ves. 30. *Hall* v. *Warren*, 9 Ves. 608. *King* v. *Hamilton*, 4 Pet. 311. In this case, there is no pretence of misrep-

resentation or fraud, or that the fulfilment of the contract will work any injustice to the defendant, or that anything has occurred since the making of the contract, which should prevent its being carried into effect, or that the defendant sustained any loss or injury on account of the tenant not going out on the 1st of October.

*J. G. Abbott*, for the defendant. The defendant bargained for a house ready for occupation, and was not obliged to take anything different. *Howland* v. *Leach*, 11 Pick. 155. 1 Sugd. Vend. (7th Amer. ed.) 305. The time within which this contract was to be performed was of the essence of the agreement. 1 Sugd. Vend. 359, 360. 2 Parsons on Con. 541, 544 2 Story Eq. Jur. §§ 776 – 780. Under the circumstances, the court in its discretion will not decree specific performance. 1 Sugd. Vend. 341, Amer. note. 2 Story Eq. Jur. § 742. 2 Parsons on Con. 510.

METCALF, J. The court are of opinion that the true legal construction of the agreement on which this bill is founded is, that the plaintiff should not only convey the house to the defendant, but should also clear it of the tenant, as soon as the 1st of October 1858; that the defendant, on that day, should have the actual occupation of the house secured to him. It seems to us that the 1st of October is as plainly the day on which the house was to be clear of the tenant as it was the day on which the conveyance thereof was to be made by the plaintiff, and payment therefor to be made by the defendant. The house which the plaintiff engaged to convey was a house cleared of the tenant; and the defendant was not bound to pay the consideration and take a deed of a house in which there was a tenant, who had disregarded notice to quit, was wrongfully holding over, and might, by protracted litigation, keep the defendant out of possession for months, if not for years.

The construction which we give to the agreement of these parties renders unnecessary any decision or discussion of other questions which were raised at the bar.       *Bill dismissed.*